UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
PEARL DANZINGER                                                :
                                                               :      Case No.:
                                          Plaintiff,           :
                                                               :      COMPLAINT
               -  against  -                                   :
                                                               :
MANDARICH LAW GROUP, LLP                                       :
                                                               :
                                          Defendant.           :
-------------------------------------------------------------- X

      PEARL DANZINGER (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MANDARICH LAW GROUP, LLP (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant, is a collection agency with its principal place of business located at both 5965 Transit Road, Suite 500, East Amherst, NY 14051.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendant.

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Defendant filed a lawsuit against the Plaintiff in the Civil Court of the City of New York, County of Kings, for the collection of said debt. See State Court Summons and Complaint attached hereto as Exhibit 1.

13. Note that the Summons and Complaint listed the Plaintiff as "Pearl Danzinger Jr", even though Plaintiff is not a "Jr" and despite the fact that the bank statement attached to the Complaint does not have any reference to a "Jr". See Exhibit 1 and compare the caption of the lawsuit and the name on the statement attached as the last page, as well as Exhibit 2 which is a summary of her skip trace results which clearly shows that even though there are three name variations that LexisNexis was able to pull up, none of the variations contain "Jr".

14. Plaintiff was confused as to whether Defendant was suing herself or another person, as she wasn't a "Jr", but knew that if she failed to file an Answer then the Defendant would

be able to get a default judgment against her and it would be a lot easier to handle in court rather than after the fact.

15. Accordingly, Plaintiff filed an Answer and Counterclaim and the case was set for a trial conference on April 11, 2019. See Exhibit 3, which is a copy of the Plaintiff's Answer in the State Court action, which also set the case for hearing on April 11, 2019 (on the bottom).

16. Plaintiff retained counsel as it was difficult for Plaintiff to appear in court and thought she needed the help in defending the action, and said counsel appeared on Plaintiff's behalf at the subject hearing on April 11, 2019. See Exhibit 4 which is the Notice of Appearance that was filed by Plaintiff's attorney who appeared in Court on April 11, 2019, a copy of which was handed to Defendant's attorney at said hearing.

17. At said hearing, the case was removed from the pro se division trial docket and placed on the Court's general calendar due to the fact that both Plaintiff and Defendant were represented by counsel (which is only done when there are two attorneys, as pro se litigants will be kept on the pro se docket and if the parties are unable to amicably settle the case then the case will be reset for either a conference or trial).

18. Despite the fact that Defendant had knowledge that Plaintiff was represented by counsel both by the Notice of Appearance that was filed as well as the results of the hearing whereby the case got put on the Court's general calendar, on April 19, 2019 Defendant sent a communication, its Reply to Counterclaim, directly to Plaintiff rather than to her Attorney. See Reply to Counterclaims and the envelope that it was sent in, which is attached hereto as Plaintiff's Exhibit 5.

19. As the Plaintiff had previously retained an attorney to represent her, the Plaintiff became fearful as to why the Defendant would be reaching out to Plaintiff directly and intentionally circumnavigate Federal Law prohibiting the Defendant from contacting Plaintiff directly as the Defendant had actual knowledge that the Plaintiff was represented by counsel.

20. Furthermore, the mailing caused confusion on Plaintiff's part as to whether the attorney she hired to appear for her in court actually went to the hearing, as Defendant was still directly communicating with her, and she had to seek another attorney's advice whether the original attorney she hired was appropriately handling her case.

21. Note that these fears were amplified due to the fact that Defendant had already attempted to confuse her with suing "Pearl Danzinger Jr" when she does not have a "Jr" in her name.

22. The mailings are a "communication" as defined by 15 U.S.C. § 1692a(2).

23. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

24. Defendant's serving of the subject lawsuit was a deceptive means to attempt to collect the debt as it caused Plaintiff confusion as to whether she was the intended Defendant or whether the Defendant was attempting to sue a different person.

25. Additionally, Defendant's mailing the April 11, 2019 communication directly to Plaintiff was a deceptive means to attempt to collect the debt as it caused Plaintiff to doubt her attorney's abilities and made her fearful as to whether Defendant bothers to keep to Federal Laws related to debt collection, and whether the entire court case would be full of deception and trickery by Defendant.

26. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt.

27. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692c(a)(2).

## JURY DEMAND

28. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

Dated: January 23, 2020

    Brooklyn, New York

    /s/ Joseph Balisok
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Attorney for Plaintiff